UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00325-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS**<br><br>(Doc. 6)<br><br>**ORDER VACATING SCHEDULING CONFERENCE**<br><br>**14-DAY DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

　　　This action was commenced by Plaintiff Cassandra Gonzalez in state court and removed to this Court by Defendant Amazon.com Services LLC on March 18, 2024. (Doc. 1). Given that neither of Plaintiffs' noticed attorneys are registered to practice before this Court, on March 19 and March 20, 2024, the Clerk of the Court directed attorneys Brigitte Mills and Camron Dowlatshahi to register for admission with this Court. (Docs. 4, 5). These notices were emailed to both counsel at their email addresses of record; separately, the notice to attorney Mills was mailed to her law firm's address (the same firm at which attorney Dowlatshahi is associated) along with the Court's service of the case opening documents.

To date, Attorneys Mills and Dowlatshahi have failed to comply with the Court's direction and remain ineligible to prosecute this action given their failure to register for admissions. Accordingly, on May 31, 2024, the Court issued an Order to Show Cause ("OSC") directing counsel for Plaintiff to show cause in writing why sanctions should not be imposed for failure to prosecute and failure to comply with Court's orders. The OSC directed Plaintiff's attorneys within ten (1) days to either: (1) file a status report outlining why they failed to register for admission, or (2) submit an application for admissions with the Clerk of the Court. (Doc. 6 p. 2). The OSC was transmitted to Attorneys Mills and Dowlatshahi via their email addresses of record. Nevertheless, they have not complied with the Court's OSC, requested an extension of time to respond or otherwise made any filing addressing their delinquency.

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Counsel for Plaintiff's failure to submit petitions for admission to practice in the Eastern District of California close to three months after the case was removed from state court and after repeated admonitions by the Court supports dismissal. As summarized above, the Clerk of the

Court directed Attorneys Mills and Dowlatshahi to seek admission to practice in the Eastern District of California. (Doc. 4-5). When the Clerk of the Court's directions went unheeded, the Court continued the scheduling conference and ordered Plaintiff's attorneys to seek admission to practice. That order likewise was ignored. There are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and counsel for Plaintiff's ongoing failure to seek admission to practice. Thus, the first and second factors – the expeditious resolution of litigation and the Court's need to manage its docket – weigh in favor of dismissal. *Carey*, 856 F.2d at 1440-41; *In re PPA,* 460 F.3d at 1227.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir. 1976). Here, there has been no activity from the parties since this case was removed from state court to this Court close to three months ago. Plaintiff's attorneys are unable to prosecute this action without first being admitted in the Eastern District of California and have taken no steps to remedy their ineligibility to practice before this Court. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Plaintiff has not moved this case forward toward disposition on the merits, and, in fact, has not communicated with the Court since this case was docketed. Thus, counsel for Plaintiff is impeding the progress of this action. Therefore, the fourth factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The Court's OSC provided the following warning: "**Plaintiff is admonished that counsel's failure to timely respond to and comply with this Order to Show**

**Cause may result in dismissal of this action or other appropriate sanction.**" (Doc. 6 p. 2) (emphasis in original). Plaintiff was adequately forewarned that counsel's failure to timely register for admissions could result in terminating sanctions.

Accordingly, because Plaintiff has failed to comply with this Court's Local Rules and the Court's orders, and in so doing is failing to prosecute her case, the Court will recommend dismissal of this action.

### CONCLUSION AND RECOMMENDATION

The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

The Court **VACATES** the scheduling conference set for June 26, 2024. (Doc. 6)

For the reasons given above, the undersigned **RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this action and for counsel's failure to register for admission to practice in the Eastern District of California and to comply with the Court's orders. Fed. R. Civ. P. 41(b); Local Rule 110.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 13, 2024**

UNITED STATES MAGISTRATE JUDGE