UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMAZON.COM SERVICES LLC,<br><br>　　　　Defendant. | Case No. 1:24-cv-00325-CDB<br><br>**ORDER REQUIRING PLAINTIFF TO PAY SANCTIONS**<br><br><u>14-DAY DEADLINE</u> |

　　　This action was commenced by Plaintiff Cassandra Gonzalez in state court and removed to this Court by Defendant Amazon.com Services LLC on March 18, 2024. (Doc. 1). Given that neither of Plaintiffs' noticed attorneys were registered to practice before this Court, on March 19 and March 20, 2024, the Clerk of the Court directed Plaintiff's attorneys of record (Brigitte Mills and Camron Dowlatshahi) to register for admissions with this Court. (Docs. 4, 5). These notices were emailed to both counsel at their email addresses of record; separately, the notice to attorney Mills was mailed to her law firm's address (the same firm at which attorney Dowlatshahi is associated) along with the Court's service of the case opening documents.

　　　More than two months after being directed to register for admission to practice before this Court, neither Attorney Mills nor Attorney Dowlatshahi had complied.  Accordingly, on May 31, 2024, the Court ordered Plaintiff's attorneys to show cause within ten (10) days why they should not be sanctioned for failing to timely register for admissions.  (Doc. 6).  The Court's order

1  advised Attorneys Mills and Dowlatshahi they could comply with the order by timely filing either
2  (1) a status report outlining why they failed to register for admissions, or (2) an application with
3  the Clerk of the Court for admissions.  The Court's order set forth: "**Plaintiff is admonished that**
4  **counsel's failure to timely respond to and comply with this Order to Show Cause may result**
5  **in dismissal of this action or other appropriate sanction.**" *Id.* at 2.
6  Neither Attorney Mills nor Attorney Dowlatshahi responded to the Court's show cause
7  order.  Accordingly, on June 13, 2024, the undersigned entered findings and recommendations to
8  dismiss the action for Plaintiff's failure to prosecute and to obey the Court's orders.  (Doc. 8).
9  Thereafter, Attorneys Mills and Dowlatshahi registered for admissions and they were admitted to
10 practice before this Court on June 14, 2024.
11 The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to
12 secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To
13 effectuate this purpose, the rules provide for sanctions against parties that fail to comply with
14 court orders or that unnecessarily multiply the proceedings.  *See, e.g.*, Fed. R. Civ. P. 16(f); Fed.
15 R. Civ. P. 37(b).  Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party
16 or attorney fails to obey a scheduling or other pretrial order.
17 The Court also possesses inherent authority to impose sanctions to manage its own affairs
18 so as to achieve the orderly and expeditious disposition of cases.  *Chambers v. NASCO, Inc.,* 501
19 U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all
20 others, including to protect the due and orderly administration of justice and maintain the
21 authority and dignity of the Court.  *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).  The
22 Court may impose financial sanctions to gain a party's compliance with the Court's orders.  *See*
23 *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to
24 impose civil sanctions "intended to be remedial by coercing the defendant to do what he had
25 refused to do.").
26 Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of
27 counsel or of a party to comply with these Rules or with any order of the Court may be grounds
28 for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

inherent power of the Court." E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

Here, despite being directed at the commencement of the action in this Court to register for admissions and despite a subsequent show cause order issued to compel counsel for Plaintiff to comply with the Court's orders, it was not until after the Court subsequently issued findings and recommendations to dismiss the action that Attorneys Mills and Dowlatshahi finally registered for admissions.  The Court properly may impose financial sanctions for a party's obstruction of case proceedings and disobedience of a magistrate judge's order that causes unnecessary delay and expense (as it has here).  *See Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Accordingly, the Court finds that monetary sanctions are appropriate to compel Plaintiff to comply with this Court's orders.

Based on the foregoing, IT IS HEREBY ORDERED, within 14 days of entry of this Order, Plaintiff shall pay the Clerk of the Court $300.00, and shall file proof of payment with the Court within three (3) days of completing payment.

And IT IS FURTHER ORDERED that if such payment and proof of payment is not timely made, additional sanctions of $50.00 per day shall issue from the deadline for making such payment until full payment is received.

IT IS SO ORDERED.

Dated:  **June 18, 2024**                                    _____
UNITED STATES MAGISTRATE JUDGE

3